# Exhibit 1

# Exhibit 1.1

# State Court Complaint

**Ronald J. Herman, Esq. (Attorney ID No.: 278182018)**
**GOTTLIEB & GREENSPAN, LLC**
**17-17 Route 208, Suite 250**
**Fair Lawn, New Jersey 07410**
**Phone Number: (201) 633-3521**
**Fax Number: (201) 633-3521**
*Attorneys for Plaintiff*

| | |
|---|---|
| SAMRA PLASTIC AND RECONSTRUCTIVE SURGERY, <br><br> Plaintiff, <br><br> v. <br><br> SAMBA HEALTH BENEFIT PLAN, <br><br> Defendant. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: MONMOUTH COUNTY <br><br> DOCKET NO.: <br><br> CIVIL ACTION <br><br> COMPLAINT |

Plaintiff Samra Plastic and Reconstructive Surgery ("Plaintiff"), by and through its attorneys, Gottlieb & Greenspan, LLC, by way of Complaint against Samba Health Benefit Plan ("Defendant"), alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff is a medical provider with a principal place of business at 733 North Beers Street, Holmdel, New Jersey 07733.

2.      Upon information and belief, Defendant is engaged in providing and/or administering health care plans or policies in the state of New Jersey.

3.      Jurisdiction is proper in the New Jersey Superior Court, Law Division under R. 4:3-1(a)(5).

4.      Venue is proper in Monmouth County pursuant to R. 4:3-2(a)(3), because Plaintiff resides in Monmouth County.

## FACTUAL BACKGROUND

5.    The Federal No Surprises Act ("NSA") became effective January 1, 2022. The NSA creates for medical providers a direct right to payment from insurers and health plans of the amount an Independent Dispute Resolution ("IDR") entity determines is owed for qualifying medical services. *See* 42 U.S.C. § 300gg-111(c)(6). This amount must be paid within thirty (30) days of the IDR entity's determination. *Id*.

6.    The NSA is implemented and enforced by the combined efforts of the U.S. Departments of Labor, Health and Human Services, and the Treasury (the "Departments"), which together created a mandatory federal dispute process to determine pricing for medical services rendered by out-of-network ("OON") medical providers in emergency or certain elective circumstances.

7.    Under the NSA, an insurer has 30 days from the date the bill is transmitted by the ONN medical provider to pay or deny the claim. 42 U.S.C. §300gg-112(a)(3)(A-B). Insurers unilaterally determine their initial payment amount, often paying what the law refers to as a Qualifying Payment Amount ("QPA"). If the OON medical provider does not accept the insurer's initial payment as payment in full, the OON medical provider may initiate an "open negotiation period" with the insurer to attempt to negotiate a higher amount. *Id*. § (b)(1)(A). If the negotiations fail by the close of the open negotiation period, the OON medical provider may initiate the NSA's IDR process. *Id*. § (b)(1)(B).

8.    However, the medical provider is precluded from billing the patient for any amount over and above the health plan's initial "QPA" payment ("balance billing"). In that way, the NSA ensures that the patient will be protected from liability for "surprise" out-of-network medical charges. *Id*.

9.       The NSA's IDR process requires both parties to submit position statements and proposed offers of payment for the services at issue to a third-party IDR entity. *Id*. § (b)(5)(B)(i)(I). The IDR entity then evaluates both proposed offers based on several statutory factors and selects one as the appropriate OON payment for the services provided. *Id*. § (b)(5)(C). After an IDR determination, the non-prevailing party is required to pay any amount owed within **30 days**. *Id*. § (c)(6).

10.      Plaintiff is a medical provider that specializes in cosmetic, reconstructive and hand surgery.

11.      On December 18, 2023, Dr. Fares Samra, M.D., a plastic surgeon employed by Plaintiff, provided medical treatment to an individual identified as K.B. ("Patient") at Jersey Shore University Medical Center, located in Neptune, New Jersey.

12.      At the time the medical treatment was rendered, Patient was a member of a health plan administered by Defendant.

13.      As an OON medical provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's member.

14.      However, since the medical treatment was rendered in a participating network facility and/or emergently, Patient's treatment is subject to the reimbursement protocols of the NSA, 42 U.S.C. § 300gg-111 *et seq*.

15.      After treating Patient, Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the medical services rendered, itemized under the following Current Procedural Terminology ("CPT") codes:

     a.       $38,500.00 for CPT code 14301; and

     b.       $206,250.00 for thirty (30) units of CPT code 14302.

16.  In response to Plaintiff's HCFA, Defendant allowed payment to Plaintiff as follows:

    a.  $703.52 (Defendant made an initial payment of $562.82 and Patient's responsibility was $140.70) for CPT code 14301; and

    b.  $5,332.27 (Defendant made an initial payment of $4,856.10 and Patient's responsibility was $476.17) for thirty (30) units of CPT code 14302.

17.  Plaintiff disputed Defendant's initial payment determinations and initiated the open negotiation period called for by the NSA by sending an Open Negotiation letter to Defendant.

18.  Because the disputes were not resolved by the close of the open negotiation period, Plaintiff initiated the NSA's IDR process by submitting a "Notice of IDR Initiation" for each dispute to the Department of Health and Human Services to have the proper reimbursement amounts determined by a neutral IDR entity. 42 U.S.C. § 300gg-111(c)(1-5).

19.  Plaintiff forwarded a copy of each Notice of Initiation to Defendant as required.

20.  To initiate the IDR process, Plaintiff was required to access the federal IDR portal and affirmatively accept binding click-wrap terms and conditions governing participation in the IDR process.

21.  Thereafter, Plaintiff submitted a "Notice of Offer" for each dispute together with documentation that supported Plaintiff's final offers of:

    a.  $38,500.00 for CPT code 14301; and

    b.  $206,250.00 for thirty (30) units of CPT code 14302.

22.  To participate in the IDR process through the submission of a Notice of Offer, Defendant was required to access the federal IDR portal and accept the same binding click-wrap terms and conditions agreed to by Plaintiff, as required by the NSA. Specifically, Defendant affirmatively manifested its assent to the terms and conditions of the IDR process by clicking an "I Agree," "Accept," or similarly worded button or checkbox at the bottom of the Notice of Offer.

23. Those terms required Defendant to agree in part:

    a. that the final payment determination made by the certified IDR entity is binding upon the parties; and

    b. to pay the outstanding amount (if any) of the out-of-network rate that is Defendant's responsibility as determined by the certified IDR entity.

24. Defendant could not proceed with its IDR submission without accepting the terms and conditions set forth in the Notice of Offer.

25. Defendant submitted a Notice of Offer for each dispute with final offers of:

    a. $2,894.00 for CPT code 14301; and

    b. $36,030.00 for thirty (30) units of CPT code 14302.

26. On May 5, 2025, the certified IDR entity ("CIDRE") issued a written final determination in Plaintiff's favor under IDR reference number DISP-2538334, awarding Plaintiff $38,500.00 for CPT code 14301, amounting to an additional $37,796.48 over Defendant's initial allowed payment amount. *See* **Exhibit A**, attached hereto.

27. Defendant failed to issue the IDR determination payment to Plaintiff even though its deadline to do so was June 4, 2025.

28. As of the date of this Complaint, over 290 days have elapsed since Defendant's deadline to submit the IDR determination payment to Plaintiff.

29. For DISP-2538334, Defendant has failed to pay $37,796.48, which is currently due and owing.

30. Also on May 5, 2025, the CIDRE issued a written final determination in Plaintiff's favor under IDR reference number DISP-2538335, awarding Plaintiff $206,250.00 for thirty (30) units of CPT code 14302, amounting to an additional $200,917.73 over Defendant's initial allowed payment amount. *See* **Exhibit B**, attached hereto.

31. Defendant failed to issue the IDR determination payment to Plaintiff even though its deadline to do so was June 4, 2025.

32. As of the date of this Complaint, over 290 days have elapsed since Defendant's deadline to submit the IDR determination payment to Plaintiff.

33. For DISP-2538335, Defendant has failed to pay $200,917.73, which is currently due and owing.

34. Despite the legal requirement to pay the additional amounts owed within 30 days of the CIDREs' determinations ("Awards") Defendant has failed to do so. As of the filing of this Complaint, the amount awarded, unpaid, and past due by Defendant is $238,714.21.

35. While the NSA is a federal law, federal courts have indicated that the proper recourse against a health plan that fails to pay an NSA IDR award is through state law causes of action. *See Mod. Orthopedics of NJ v. Premera Blue Cross*, Case No. 2:25-cv-01807 (BRM) (JSA), 2025 U.S. Dist. LEXIS 215824 at * 32 (D.N.J. Nov. 3, 2025) (*citing Kennedy v. UnitedHealth Grp. Inc.*, No. 25 CIV. 432, 2025 U.S. Dist. LEXIS 117870, 2025 WL 1725147 at * 8-9 (S.D.N.Y. June 20, 2025) (holding breach of contract and unjust enrichment claims for failure to pay for patient's emergency care were not preempted by the NSA; "the NSA . . . says nothing that would preclude a provider from bringing suit under traditional state law causes of action . . . like unjust enrichment.")

36. Accordingly, Plaintiff seeks herein all unpaid past due amounts as of the date the Court issues judgment, including interest, penalties and collection costs, which are in no event less than $238,714.21.

## COUNT ONE

### BREACH OF EXPRESS CONTRACT (CLICK-WRAP)

37. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 36 of the Complaint as though fully set forth herein.

38. Plaintiff initiated the NSA's IDR process by submitting each Notice of IDR Initiation to the Department of Health and Human Services via the NSA's federal IDR portal. *See* **Exhibit C**, attached hereto.

39. Thereafter, the parties were presented with IDR participation terms, including the federal IDR portal's Terms of Use and the CIDRE's participation agreement, which required the parties' consent to be bound by the CIDREs' final payment determinations and to pay the amounts determined by the CIDREs. Each party was required to accept the NSA's IDR participation terms prior to submitting an IDR offer, uploading documents and proceeding with the IDR.

40. Defendant provided affirmative consent to the IDR's participation terms by checking a box and/or clicking "I agree."

41. The parties' mutual agreement to accept and comply with the CIDREs' determinations is sufficient consideration.

42. The CIDREs issued written final determinations under DISP-2538334 and DISP-2538335, awarding Plaintiff an additional $238,714.21 over Defendant's initial allowed payment amounts for the medical services Plaintiff rendered to Defendant's member.

43. Under the express terms of the click-wrap agreements, Defendant was required to pay the Awards.

44. Defendant failed to pay the Awards.

45. To date, Defendant has not paid the Awards, despite Plaintiff's demand for payment.

46.     The NSA does not preempt a claim for breach of contract. *See Mod. Orthopedics of NJ v. Premera Blue Cross*, Case No. 2:25-cv-01807 (BRM) (JSA), 2025 U.S. Dist. LEXIS 215824 at * 32 (D.N.J. Nov. 3, 2025) (citing *Kennedy v. UnitedHealth Grp. Inc.*, No. 25 CIV. 432, 2025 U.S. Dist. LEXIS 117870, 2025 WL 1725147 at * 8-9 (S.D.N.Y. June 20, 2025) (holding breach of contract and unjust enrichment claims for failure to pay for patient's emergency care were not preempted by the NSA).

47.     The click-wrap agreements constitute valid, express contracts under New Jersey law, supported by mutual consideration, including Plaintiff's opportunity to obtain binding dispute resolution and Defendant's participation in the NSA's IDR process and agreement to be bound by the outcome.

48.     Defendant breached the express click-wrap contracts by failing to pay the amounts determined by the CIDREs.

49.     Defendant's failure to pay the Awards constitutes a material breach of contract.

50.     As a result of Defendant's breach of contract, Plaintiff has suffered damages in the amount of $238,714.21.

**COUNT TWO**

**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

51.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 50 of the Complaint as though fully set forth herein.

52.     The click-wrap agreements constitute valid, express contracts under New Jersey law governing the parties' agreements to participate in the NSA's IDR process and to pay the Awards as determined by the CIDREs.

53.     Defendant acted in bad faith by refusing to pay the Awards as determined by the CIDREs despite its agreement to be bound by the CIDREs' final payment determinations.

54.     Defendant's conduct was undertaken to avoid its payment obligations and to delay or frustrate Plaintiff's right to receive payment.

55.     Defendant's actions deprived Plaintiff of the benefits of its bargain.

56.     Plaintiff suffered damages in the unpaid Awards amount as determined by the CIDREs.

## COUNT THREE

### DECLARATORY JUDGMENT

57.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 56 of the Complaint as though fully set forth herein.

58.     An actual and present controversy exists between Plaintiff and Defendant concerning Defendant's obligation to pay the Awards as determined by the CIDREs.

59.     By refusing to pay the Awards despite repeated demands, Defendant seemingly contends that it is not required to do so, or that payment may be delayed or avoided, notwithstanding the CIDREs' final determinations.

60.     Defendant is obligated to pay the amounts determined by the CIDREs and there is no appeal, complaint or administrative process that stays Defendant's payment obligations.

61.     A declaratory judgment would resolve the parties' disputes and clarify their respective rights and obligations.

62.     Plaintiff seeks a declaration that Defendant is obligated to pay the Awards as determined by the CIDREs in full and without delay.

## COUNT FOUR

### ACCOUNT STATED

63.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 62 of the Complaint as though fully set forth herein.

64.     Plaintiff rendered medical treatment to Defendant's member for which Defendant was financially responsible.

65.     Plaintiff submitted a HCFA to Defendant reflecting amounts due for the medical treatment it rendered to Defendant's member.

66.     After the parties failed to resolve the payment disputes at the close of the open negotiation period, Plaintiff initiated the NSA's IDR process.

67.     On May 5, 2025, the CIDREs issued written final determinations establishing the amounts Defendant owed to Plaintiff for the medical services Plaintiff rendered to Defendant's member.

68.     Defendant received the CIDREs' written final determinations and did not move to vacate the Awards, as provided for under the under the parameters described in paragraphs (1) through (4) of section 10(a) of title 9. *See* 42 U.S.C. § 300gg-111(c)(5)(E)(i)(II).

69.     Defendant's failure to seek recourse under 9 U.S.C. § 10(a) constitutes an implied agreement that the CIDRE's final determinations are correct.

70.     Defendant has failed to pay the Awards as determined by the CIDREs.

## COUNT FIVE

### QUANTUM MERUIT (*Pled in the Alternative*)

71.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 70 of the Complaint as though fully set forth herein.

72.     Plaintiff conferred valuable benefits upon Defendant by providing good faith medical services to Defendant's member at Plaintiff's expense, with the reasonable expectation of payment.

73.     Defendant accepted and retained the benefits from the medical services Plaintiff provided as its member received medical services under the health plan Defendant administers.

74.     Defendant had a reasonable expectation that Plaintiff expected payment for the medical services provided to Defendant's member as it received a HCFA from Plaintiff that set forth the amounts billed for the medical services provided. Defendant appreciates, realizes and knows that Plaintiff expected payment for the medical services provided to its member because it issued an Explanation of Benefits ("EOB") and allowed initial payment amounts.

75.     The final determinations made by the CIDREs reflect objective, federally regulated assessments of the reasonable value for the medical services Plaintiff rendered to Defendant's member.

76.     Defendant has failed to pay the Awards as determined by the CIDREs, or any amount approximating the reasonable value for the medical services Plaintiff rendered to Defendant's member.

77.     It would be unjust and inequitable for Defendant to retain the benefits of Plaintiff's medical services without paying the reasonable value as determined by the CIDREs.

78.     Plaintiff is therefore entitled to recover under the doctrine of quantum meruit the reasonable value of the services rendered as determined by the CIDREs.

79.     This quantum meruit claim is pled in the alternative to Plaintiff's breach of contract claim. Plaintiff only brings this claim to the extent the Court finds that no enforceable express

contracts govern Defendant's obligation to pay or that the express contracts are unenforceable, void, or otherwise inapplicable.

## COUNT SIX

### PROMISSORY ESTOPPEL (*Pled in the Alternative*)

80. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 79 of the Complaint as though fully set forth herein.

81. Defendant promised, through its participation in the NSA's IDR process, to be bound by the CIDREs' final determinations and to pay the Awards as determined by the CIDREs.

82. Specifically, Defendant furnished an EOB to Plaintiff communicating that the claims in question are subject to the rules and procedures of the NSA. *See* **Exhibit D**, attached hereto.

83. Defendant reasonably expected Plaintiff to rely on that promise as the EOB conveys to Plaintiff that it can seek additional reimbursement via the NSA.

84. Plaintiff relied on Defendant's promise by participating in the NSA's IDR process and foregoing other remedies to recover payment for the medical services Plaintiff rendered to Defendant's member.

85. Defendant failed to honor its promise by refusing to pay the Awards as determined by the CIDREs.

86. Plaintiff suffered damages as a result of Defendant's failure to honor its promise to pay the Awards as determined by the CIDREs.

87. Injustice can be avoided only by enforcing Defendant's promise to be bound by the CIDREs' final determinations and to pay the amounts determined by the CIDREs.

88.     This promissory estoppel claim is pled in the alternative to Plaintiff's breach of contract claim. Plaintiff only brings this claim to the extent the Court finds that no enforceable express contracts govern Defendant's obligation to pay or that the express contracts are unenforceable, void, or otherwise inapplicable.

## COUNT SEVEN

### UNJUST ENRICHMENT (*Pled in the Alternative*)

89.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 88 of the Complaint as though fully set forth herein.

90.     Defendant received the benefits of the underlying medical services Plaintiff rendered to Defendant's member. These medical services were provided at Plaintiff's expense and under circumstances that would make it unjust for Defendant to retain the benefits without commensurate compensation.

91.     Defendant had reasonable notice that Plaintiff expected payment for the benefits conferred as it received a HCFA from Plaintiff that set forth the amounts billed for the medical services Plaintiff rendered to Defendant's member. Defendant appreciates, realizes and knows that the benefits were conferred because it issued an EOB and allowed initial payment amounts. Thus, there was a direct connection between Plaintiff's impoverishment and Defendant's enrichment.

92.     The disputes over the value of the benefits received were resolved in accordance with the NSA's IDR process, which requires the non-prevailing party to issue payment within 30 days of the determination made by the CIDRE.

93.     The NSA does not preempt a claim for unjust enrichment. *See Mod. Orthopedics of NJ v. Premera Blue Cross*, Case No. 2:25-cv-01807 (BRM) (JSA), 2025 U.S. Dist. LEXIS 215824 at * 32 (D.N.J. Nov. 3, 2025) (citing *Kennedy v. UnitedHealth Grp. Inc.*, No. 25 CIV. 432, 2025

U.S. Dist. LEXIS 117870, 2025 WL 1725147 at * 8-9 (S.D.N.Y. June 20, 2025) (holding breach of contract and unjust enrichment claims for failure to pay for patient's emergency care were not preempted by the NSA)). Indeed, at least one federal court has indicated that the proper remedy for a medical provider to recover unpaid IDR awards issued against an insurance carrier is in fact unjust enrichment. *See Modern Orthopaedics*, 2025 U.S. Dist. LEXIS 215824, at * 31-32 ("the NSA . . . says nothing that would preclude a provider from bringing suit under traditional state law causes of action . . . like unjust enrichment.").

94. Defendant improperly retained the benefits under the plan without payment to Plaintiff.

95. Defendant has continued to improperly retain the required payment for the services Plaintiff rendered to Defendant's member beyond the 30-day deadline, which allowed it to become further unjustly enriched by receiving interest and/or investment income because of the unlawful retention of the funds, which were unquestionably owed to Plaintiff.

96. It is against equity and good conscience to deprive Plaintiff of the funds Defendant owes, as determined by a CIDREs in accordance with federal law.

97. Plaintiff hereby seeks payment of the Awards as determined by the CIDREs as well as all benefits obtained by Defendant because Defendant did not timely pay the amounts owed, including without limitation the interest or investment income generated by such funds.

98. This unjust enrichment claim is pled in the alternative to Plaintiff's breach of contract claim. Plaintiff only brings this claim to the extent the Court finds that no enforceable express contracts govern Defendant's obligation to pay or that the express contracts are unenforceable, void, or otherwise inapplicable.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.      Judgment in the amount of $238,714.21;

b.      Declaratory relief as requested;

c.      Pre- and post-judgment interest;

d.      Costs of suit; and

e.      Such other relief as the Court deems just and equitable.

> **GOTTLIEB & GREENSPAN, LLC**
> *Attorneys for Plaintiff*
>
> */s/ Ronald J. Herman*_____
> Ronald J. Herman, Esq.

Dated: March 31, 2026

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Ronald J. Herman, Esq. is hereby designated as trial counsel in the above-captioned litigation on behalf of the law firm of Gottlieb & Greenspan, LLC.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## CERTIFICATION PURSUANT TO RULE 1:38-7(b)

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future.

## CERTIFICATION PURSUANT TO RULE 4:5-1

The matter in controversy is not the subject of any other action pending in any other Court. There are no pending arbitration proceedings. No other action or arbitration proceedings are contemplated. No non-party is known who would be subject to joinder because of potential liability.

GOTTLIEB & GREENSPAN, LLC
*Attorneys for Plaintiff*

*/s/ Ronald J. Herman*
Ronald J. Herman, Esq.

Dated: March 31, 2026

# Exhibit A

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2538334

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2538334** and has determined that Samra Plastic and Reconstructive Surgery is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of **$38,500.00** offered by Samra Plastic and Reconstructive Surgery is the appropriate out-of-network rate for the item or service 14301 on claim number 033823210 under this dispute.

EdiPhy Advisors, L.L.C. based this determination on a review of the following:

Samra Plastic and Reconstructive Surgery submitted an offer of  $38,500.00

Samba Health Benefit Plan submitted an offer of  $2,894.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

|   | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | X |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

For each of the determination factors for which there is an "x" in the *Initiating Party* and/or *Non-Initiating Party* column of the above chart, this means the party provided supporting

information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the "additional information factor" is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii) additional information was provided but the Arbitrator, in her/his sole discretion, determined such information was not related to the offers OR it was prohibited by the law. You must observe the decision rationale below to know which party provided the evidence that persuaded the IDRE to rule for the Prevailing Party on each factor.

The IDRE considered all the briefs and all permissible arguments and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and all additional information for which evidence was offered or arguments were made, as indicated, were considered and the following circumstances and information were found to weigh in favor of the Prevailing Party and were found to outweigh any information offered by the non-prevailing party. Any factor listed here was given sufficient weight by the arbitrator to influence the outcome of the decision:

(1) Level of Training/Experience of provider or facility (necessary to care)

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide sufficient evidence on one of the other factors then it was not given weight and it will not be listed above in the rationale.

If there are any additional arguments or evidence among the rationale, the Arbitrator did consider them and if any of these arguments were given weight they are discussed here:

The IP argues that the NIP's failure to negotiate during the Open Negotiation supports a finding that the "lack of good faith negotiations to enter into an in-network agreement or previous contracted rates in the last 4 years" applies. This factor does not relate to the Open Negotiation process, however. This factor has to do with failed negotiations to enter into in network agreements, not negotiations for the OON rate to be paid on this particular claim at issue. Furthermore, the IDRE does not think it prudent to give weight to what happened during Open Negotiations because to do so might discourage parties from making settlement offers because they fear generous offers will count against them in the IDR process. This argument was considered as an additional argument but was given very little weight.

Accordingly, the IDRE concludes Prevailing Party's offer represents the best value of the IDR qualified services at issue in this dispute for these line items and that party's offer should be the Out of Network rate paid on the referenced claims.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

> • **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

> • **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that Samba Health Benefit Plan is the non-prevailing party in DISP-2538334 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Samra Plastic and Reconstructive Surgery by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-2538334 was Samra Plastic and Reconstructive Surgery. The initiating party's TIN is 204377711. The non-initiating party was Samba Health Benefit Plan. The 90-calendar day cooling off period begins on May 5, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**

For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EdiPhy Advisors, L.L.C.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2538335

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2538335** and has determined that Samra Plastic and Reconstructive Surgery is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of **$206,250.00** offered by Samra Plastic and Reconstructive Surgery is the appropriate out-of-network rate for the item or service 14302 on claim number 033823210 under this dispute.

EdiPhy Advisors, L.L.C. based this determination on a review of the following:

Samra Plastic and Reconstructive Surgery submitted an offer of  $206,250.00

Samba Health Benefit Plan submitted an offer of  $36,030.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

|   | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | X |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

For each of the determination factors for which there is an "x" in the *Initiating Party* and/or *Non-Initiating Party* column of the above chart, this means the party provided supporting

information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the "additional information factor" is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii) additional information was provided but the Arbitrator, in her/his sole discretion, determined such information was not related to the offers OR it was prohibited by the law. You must observe the decision rationale below to know which party provided the evidence that persuaded the IDRE to rule for the Prevailing Party on each factor.

The IDRE considered all the briefs and all permissible arguments and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and all additional information for which evidence was offered or arguments were made, as indicated, were considered and the following circumstances and information were found to weigh in favor of the Prevailing Party and were found to outweigh any information offered by the non-prevailing party. Any factor listed here was given sufficient weight by the arbitrator to influence the outcome of the decision:

(1) Level of Training/Experience of provider or facility (necessary to care)

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide sufficient evidence on one of the other factors then it was not given weight and it will not be listed above in the rationale.

If there are any additional arguments or evidence among the rationale, the Arbitrator did consider them and if any of these arguments were given weight they are discussed here:

The IP argues that the NIP's failure to negotiate during the Open Negotiation supports a finding that the "lack of good faith negotiations to enter into an in-network agreement or previous contracted rates in the last 4 years" applies. This factor does not relate to the Open Negotiation process, however. This factor has to do with failed negotiations to enter into in network agreements, not negotiations for the OON rate to be paid on this particular claim at issue. Furthermore, the IDRE does not think it prudent to give weight to what happened during Open Negotiations because to do so might discourage parties from making settlement offers because they fear generous offers will count against them in the IDR process. This argument was considered as an additional argument but was given very little weight.

Accordingly, the IDRE concludes Prevailing Party's offer represents the best value of the IDR qualified services at issue in this dispute for these line items and that party's offer should be the Out of Network rate paid on the referenced claims.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

> • **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

> • **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that Samba Health Benefit Plan is the non-prevailing party in DISP-2538335 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Samra Plastic and Reconstructive Surgery by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-2538335 was Samra Plastic and Reconstructive Surgery. The initiating party's TIN is 204377711. The non-initiating party was Samba Health Benefit Plan. The 90-calendar day cooling off period begins on May 5, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**

For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EdiPhy Advisors, L.L.C.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit C



## Notice of IDR Initiation

OMB Control Number: 1210-0169 Expiration Date: 06/30/2025

### Dispute Reference Number: DISP-2538334

### Qualification Questions

**Was the service in question provided prior to 1/1/2022?**

No

**I'm a(n):**

Health care provider

**Tax ID:**

204377711

**National Provider Identifier (NPI):**

N/A

**Health Plan Type:**

Either partially or fully self-insured private (employment-based) group health plan

**ERISA Plan self insured**

Yes

**When did the open negotiation period start?**

12/23/2024

**Proof of Open Negotiation Documentation:**

Request to Negotiate ▮▮▮▮.msg

NSA DISPUTE LTR.pdf

**Did the health care provider, health care facility, or provider of air ambulance services get consent from the participant, beneficiary, or enrollee to waive surprise billing protections for these items or services?**

No

**What are you disputing today?**

Single dispute

## Health Care Provider, Health Care Facility, or Provider of Air Ambulance Services Information or TPA

**Name:**

Samra Plastic and Reconstructive Surgery

**Hospital, Facility or Group Name:**

JERSEY SHORE MEDICAL CENTER

**Mailing Address:**

733 North Beers Street

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| Holmdel | NJ | 07733 |

| **Email:** | **Phone:** | **Fax:** |
|---|---|---|
| arbs@gottliebandgreenspan.com | (201) 819-4056 | (201) 465-3033 |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

## Group Health Plan / Health Insurance Issuer / FEHB Carrier Information or TPA

**Name:**

Samba Health Benefit Plan

**Mailing Address:**

11301 OLD GEORGETOWN RD

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| ROCKVILLE | MD | 20852 |

| **Email:** | **Phone:** | **Fax:** |
|---|---|---|
| sambaidr@ermerlaw.com | (800) 638-6589 | |

### Primary Point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

### Secondary point-of-contact

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

## Line Item

### Adjacent tissue transfer or rearrangement, any area; defect 30.1 sq cm to 60.0 sq cm

**Claim Number:**
033823210

**Date of the qualified IDR item or service:**
12/18/2023

**Qualifying Payment Amount (QPA):**
$0.00

**Qualifying Payment Amount documentation:**
DISPUTE EOB.pdf
HCFA.pdf

**Cost sharing amount allowed:**
$140.70

**Initial payment amount for the item(s) and/or service(s):**
N/A

**Type of Qualified Item(s) or Service(s):**
Professional service(s)

**Service Code:**
14301

**Place of Service Code:**
22

**Location of Service:**
NJ

---

**Additional Supporting Documentation:**

---

**Certified IDR entity legal business name:**
EdiPhy Advisors, L.L.C.

**Third Party Attestation:**
Yes

**Conflict of Interest Attestation**

☑ I, the undersigned initiating party (or representative of the initiating party), attest that to the best of my knowledge the preferred certified IDR entity does not have a disqualifying conflict of interest and that the item(s) and/or service(s) at issue are qualified item(s) and/or service(s) within the scope of the Federal IDR process.

**Signature:**
James Greenspan, ESQ

**Date:**
02/06/2025



## Notice of IDR Initiation

OMB Control Number: 1210-0169 Expiration Date: 06/30/2025

### Dispute Reference Number: DISP-2538335

### Qualification Questions

**Was the service in question provided prior to 1/1/2022?**

No

**I'm a(n):**

Health care provider

| **Tax ID:** | **National Provider Identifier (NPI):** |
|---|---|
| 204377711 | N/A |

**Health Plan Type:**

Either partially or fully self-insured private (employment-based) group health plan

**ERISA Plan self insured**

Yes

**When did the open negotiation period start?**

12/23/2024

**Proof of Open Negotiation Documentation:**

NSA DISPUTE LTR.pdf

Request to Negotiate ███.msg

**Did the health care provider, health care facility, or provider of air ambulance services get consent from the participant, beneficiary, or enrollee to waive surprise billing protections for these items or services?**

No

**What are you disputing today?**

Single dispute

## Health Care Provider, Health Care Facility, or Provider of Air Ambulance Services Information or TPA

**Name:**
Samra Plastic and Reconstructive Surgery

**Hospital, Facility or Group Name:**
JERSEY SHORE MEDICAL CENTER

**Mailing Address:**
733 North Beers Street

| City: | State: | Zip Code: |
|---|---|---|
| Holmdel | NJ | 07733 |

| Email: | Phone: | Fax: |
|---|---|---|
| arbs@gottliebandgreenspan.com | (201) 819-4056 | (201) 465-3033 |

### Primary Point-of-contact
**Name:**

**Mailing Address:**

| City: | State: | Zip Code: |
|---|---|---|

**Email:** | **Phone:**

### Secondary point-of-contact
**Name:**

**Mailing Address:**

| City: | State: | Zip Code: |
|---|---|---|

**Email:** | **Phone:**

## Group Health Plan / Health Insurance Issuer / FEHB Carrier Information or TPA

**Name:**
Samba Health Benefit Plan

**Mailing Address:**
11301 OLD GEORGETOWN RD

| City: | State: | Zip Code: |
|---|---|---|
| ROCKVILLE | MD | 20852 |

| Email: | Phone: | Fax: |
|---|---|---|
| sambaidr@ermerlaw.com | (800) 638-6589 | |

### Primary Point-of-contact
**Name:**

**Mailing Address:**

| City: | State: | Zip Code: |
|---|---|---|

**Email:** | **Phone:**

### Secondary point-of-contact
**Name:**

**Mailing Address:**

| City: | State: | Zip Code: |
|---|---|---|

**Email:** | **Phone:**

## Line Item

### Adjacent tissue transfer or rearrangement, any area; each additional 30.0 sq cm, or part thereof (L

**Claim Number:**

033823210

**Date of the qualified IDR item or service:**

12/18/2023

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

HCFA.pdf

DISPUTE EOB.pdf

**Cost sharing amount allowed:**

$476.17

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

14302

**Place of Service Code:**

22

**Location of Service:**

NJ

---

**Additional Supporting Documentation:**

---

**Certified IDR entity legal business name:**

EdiPhy Advisors, L.L.C.

**Third Party Attestation:**

Yes

**Conflict of Interest Attestation**

☑ I, the undersigned initiating party (or representative of the initiating party), attest that to the best of my knowledge the preferred certified IDR entity does not have a disqualifying conflict of interest and that the item(s) and/or service(s) at issue are qualified item(s) and/or service(s) within the scope of the Federal IDR process.

**Signature:**                                          **Date:**

James Greenspan, ESQ                      02/06/2025

# Exhibit D



**Health Benefit Plan**
11301 Old Georgetown Rd
Rockville MD 20852- 2800

**EXPLANATION OF BENEFITS**



2 OF 2

ENV 3985

**Electronic Service Requested**

3985 0.5738 AB 0.544
SAMRA PLASTIC AND RECONSTRUCTI    46
733 N BEERS ST

HOLMDEL, NJ  07733-1528

**Questions?**
Contact SAMBA's customer service at
**(800) 638-6589 or (301) 984-1440**
Visit *www.SambaPlans.com*
to send us a secure email
or write to the address shown above

Claim #:  033823210
Date Processed: 01/19/24

**Provider Name:**
SAMRA PLASTIC AND RECONSTRUCTI

| Date(s) of Service | Description | Submitted Charges | Disallowed Amount | Expl. Codes | Allowed Amount | Coins/ Copay | Applied to Deductible | SAMBA Paid |
|---|---|---|---|---|---|---|---|---|
| 12/18-12/18/23 | TIS TRNFR ANY 30.1-60 S | 38,500.00 | 37,796.48 | 8551 | 703.52 | 140.70 | 0.00 | 562.82 |
| 12/18-12/18/23 | TIS TRNFR ADDL 30 SQ C | 206,250.00 | 00,917.73 | 8551 | 5,332.27 | 476.17 | 0.00 | 4,856.10 |
| 12/18-12/18/23 | NEG PRS WND THR NDM | 5,000.00 | 0.00 | 8551 | 0.00 | 0.00 | 0.00 | 0.00 |
| Claim Totals | | 249,750.00 | 38,714.21 | | 6,035.79 | 616.87 | 0.00 | 5,418.92 |

Paid by Other Insurance   0.00
Adjustments   0.00
SAMBA Paid   5,418.92

**Calendar Year Deductible** *(Including This Statement)*
The above patient has met $350.00 of the
$350.00 PPO Calendar Year Deductible

**Payment Issued To:**
SAMRA PLASTIC AND RECONSTRUCTI

**Patient Responsibility**
$5,616.87

**Expl.**
**Code     Explanation**
8551      Processed under NSA, Patient is not responsible. Provider may open IDR process @ www.estprs.com.
8232      This service is not covered under the plan.

| Totals for Check | | Submitted Charges | Disallowed Amount | Allowed Amount | Coinsurance Copay | Applied to Deductible | SAMBA Paid |
|---|---|---|---|---|---|---|---|
| | | $249,750.00 | $238,714.21 | $6,035.79 | $616.87 | $0.00 | $5,418.92 |

Visit *www.SambaPlans.com* and select Provider Services to request:
- EFT Payments and Electronic Remittance Advice (ERA) 835
- Eligibility and Benefit Inquiry and Response 270/271
- Claim Status Inquiry and Response 276/277

# Civil Case Information Statement

## Case Details: MONMOUTH | Civil Part Docket# L-001266-26

**Case Caption:** SAMRA PLASTIC AND RE CONSTRUCT VS SAMBA HEALTH B

**Case Initiation Date:** 03/31/2026

**Attorney Name:** RONALD J HERMAN

**Firm Name:** GOTTLIEB AND GREENSPAN LLC

**Address:** 17-17 ROUTE 208 SUITE 250
FAIR LAWN NJ 07410

**Phone:** 2016440894

**Name of Party:** PLAINTIFF : SAMRA PLASTIC AND RECONSTRUCTI

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: SAMRA PLASTIC AND RECONSTRUCTI? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/31/2026                                              /s/ RONALD J HERMAN
Dated                                                   Signed

# Exhibit 1.2

# Track Assignment Notice

MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1270
FREEHOLD          NJ 07728

                                        TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 358-8700
COURT HOURS  8:30 AM - 4:30 PM


                        DATE:   MARCH 31, 2026
                        RE:     SAMRA PLASTIC AND RE CONSTRUCT   VS SAMBA HEALTH B
                        DOCKET: MON L -001266 26


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 1.


     DISCOVERY IS   150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.


     THE PRETRIAL JUDGE ASSIGNED IS:  HON LINDA G. JONES


      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     003
AT:  (732) 358-8700 EXT 87590.


     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                    ATT: RONALD J. HERMAN
                                    GOTTLIEB AND GREENSPAN LLC
                                    17-17 ROUTE 208
                                    SUITE 250
                                    FAIR LAWN       NJ 07410


ECOURTS

# Exhibit 1.3

# State Court Summons and Complaint

Ronald J. Herman, Esq. (Attorney ID No.: 278182018)
GOTTLIEB & GREENSPAN, LLC
17-17 Route 208, Suite 250
Fair Lawn, New Jersey 07410
Phone Number: (201) 633-3521
Fax Number: (201) 633-3521
Attorneys for Plaintiff

| | |
|---|---|
| SAMRA PLASTIC AND RECONSTRUCTIVE SURGERY,<br><br>Plaintiff,<br><br>vs.<br><br>SAMBA HEALTH BENEFIT PLAN,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MONMOUTH COUNTY<br><br>DOCKET NO. MON-L-001266-26<br><br>CIVIL ACTION<br><br>SUMMONS |

## THE STATE OF NEW JERSEY, TO THE ABOVE-NAMED DEFENDANT:

### SAMBA HEALTH BENEFIT PLAN

THE PLAINTIFF, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within thirty-five (35) days after the service of the Summons and Complaint upon you, exclusive of the day of service. If the complaint is one in foreclosure, then you must file your written answer to motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to the plaintiff's attorney whose name and address appear above, or to the plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $ 175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the Court may enter a Judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford to pay an attorney, call a Legal Services Office. An individual not eligible for free legal assistance may obtain a referral to an attorney by calling a County Lawyer

Referral Service. These numbers may be listed in the yellow pages of your phone book or may be obtained by calling the New Jersey State Bar Association Lawyer Referral Service, toll free (800) 792-8315 (within New Jersey) or (609) 394-1101 (from out of state). The phone numbers for the county in which this action is pending are: See attached.

/s/ *Michelle M. Smith, Clerk*
MICHELLE M. SMITH, CLERK

Dated: April 2, 2026

**NAME OF DEFENDANT: SAMBA HEALTH BENEFIT PLAN**

**ADDRESS TO BE SERVED:  11301 OLD GEORGETOWN ROAD
                          ROCKVILLE, MD 20852-2800**

Ronald J. Herman, Esq. (Attorney ID No.: 278182018)
**GOTTLIEB & GREENSPAN, LLC**
17-17 Route 208, Suite 250
Fair Lawn, New Jersey 07410
Phone Number: (201) 633-3521
Fax Number: (201) 633-3521
*Attorneys for Plaintiff*

|  |  |
|---|---|
| SAMRA PLASTIC AND RECONSTRUCTIVE SURGERY,<br><br>        Plaintiff,<br><br>        v.<br><br>SAMBA HEALTH BENEFIT PLAN,<br><br>        Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MONMOUTH COUNTY<br><br>DOCKET NO.:<br><br>CIVIL ACTION<br><br>COMPLAINT |

Plaintiff Samra Plastic and Reconstructive Surgery ("Plaintiff"), by and through its attorneys, Gottlieb & Greenspan, LLC, by way of Complaint against Samba Health Benefit Plan ("Defendant"), alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff is a medical provider with a principal place of business at 733 North Beers Street, Holmdel, New Jersey 07733.

2.      Upon information and belief, Defendant is engaged in providing and/or administering health care plans or policies in the state of New Jersey.

3.      Jurisdiction is proper in the New Jersey Superior Court, Law Division under R. 4:3-1(a)(5).

4.      Venue is proper in Monmouth County pursuant to R. 4:3-2(a)(3), because Plaintiff resides in Monmouth County.

## FACTUAL BACKGROUND

5.     The Federal No Surprises Act ("NSA") became effective January 1, 2022. The NSA creates for medical providers a direct right to payment from insurers and health plans of the amount an Independent Dispute Resolution ("IDR") entity determines is owed for qualifying medical services. *See* 42 U.S.C. § 300gg-111(c)(6). This amount must be paid within thirty (30) days of the IDR entity's determination. *Id.*

6.     The NSA is implemented and enforced by the combined efforts of the U.S. Departments of Labor, Health and Human Services, and the Treasury (the "Departments"), which together created a mandatory federal dispute process to determine pricing for medical services rendered by out-of-network ("OON") medical providers in emergency or certain elective circumstances.

7.     Under the NSA, an insurer has 30 days from the date the bill is transmitted by the ONN medical provider to pay or deny the claim. 42 U.S.C. §300gg-112(a)(3)(A-B). Insurers unilaterally determine their initial payment amount, often paying what the law refers to as a Qualifying Payment Amount ("QPA"). If the OON medical provider does not accept the insurer's initial payment as payment in full, the OON medical provider may initiate an "open negotiation period" with the insurer to attempt to negotiate a higher amount. *Id.* § (b)(1)(A). If the negotiations fail by the close of the open negotiation period, the OON medical provider may initiate the NSA's IDR process. *Id.* § (b)(1)(B).

8.     However, the medical provider is precluded from billing the patient for any amount over and above the health plan's initial "QPA" payment ("balance billing"). In that way, the NSA ensures that the patient will be protected from liability for "surprise" out-of-network medical charges. *Id.*

9.     The NSA's IDR process requires both parties to submit position statements and proposed offers of payment for the services at issue to a third-party IDR entity. *Id.* § (b)(5)(B)(i)(I). The IDR entity then evaluates both proposed offers based on several statutory factors and selects one as the appropriate OON payment for the services provided. *Id.* § (b)(5)(C). After an IDR determination, the non-prevailing party is required to pay any amount owed within **30 days**. *Id.* § (c)(6).

10.    Plaintiff is a medical provider that specializes in cosmetic, reconstructive and hand surgery.

11.    On December 18, 2023, Dr. Fares Samra, M.D., a plastic surgeon employed by Plaintiff, provided medical treatment to an individual identified as K.B. ("Patient") at Jersey Shore University Medical Center, located in Neptune, New Jersey.

12.    At the time the medical treatment was rendered, Patient was a member of a health plan administered by Defendant.

13.    As an OON medical provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's member.

14.    However, since the medical treatment was rendered in a participating network facility and/or emergently, Patient's treatment is subject to the reimbursement protocols of the NSA, 42 U.S.C. § 300gg-111 *et seq.*

15.    After treating Patient, Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the medical services rendered, itemized under the following Current Procedural Terminology ("CPT") codes:

      a.     $38,500.00 for CPT code 14301; and

      b.     $206,250.00 for thirty (30) units of CPT code 14302.

16. In response to Plaintiff's HCFA, Defendant allowed payment to Plaintiff as follows:

    a. $703.52 (Defendant made an initial payment of $562.82 and Patient's responsibility was $140.70) for CPT code 14301; and

    b. $5,332.27 (Defendant made an initial payment of $4,856.10 and Patient's responsibility was $476.17) for thirty (30) units of CPT code 14302.

17. Plaintiff disputed Defendant's initial payment determinations and initiated the open negotiation period called for by the NSA by sending an Open Negotiation letter to Defendant.

18. Because the disputes were not resolved by the close of the open negotiation period, Plaintiff initiated the NSA's IDR process by submitting a "Notice of IDR Initiation" for each dispute to the Department of Health and Human Services to have the proper reimbursement amounts determined by a neutral IDR entity. 42 U.S.C. § 300gg-111(c)(1-5).

19. Plaintiff forwarded a copy of each Notice of Initiation to Defendant as required.

20. To initiate the IDR process, Plaintiff was required to access the federal IDR portal and affirmatively accept binding click-wrap terms and conditions governing participation in the IDR process.

21. Thereafter, Plaintiff submitted a "Notice of Offer" for each dispute together with documentation that supported Plaintiff's final offers of:

    a. $38,500.00 for CPT code 14301; and

    b. $206,250.00 for thirty (30) units of CPT code 14302.

22. To participate in the IDR process through the submission of a Notice of Offer, Defendant was required to access the federal IDR portal and accept the same binding click-wrap terms and conditions agreed to by Plaintiff, as required by the NSA. Specifically, Defendant affirmatively manifested its assent to the terms and conditions of the IDR process by clicking an "I Agree," "Accept," or similarly worded button or checkbox at the bottom of the Notice of Offer.

23. Those terms required Defendant to agree in part:

a. that the final payment determination made by the certified IDR entity is binding upon the parties; and

b. to pay the outstanding amount (if any) of the out-of-network rate that is Defendant's responsibility as determined by the certified IDR entity.

24. Defendant could not proceed with its IDR submission without accepting the terms and conditions set forth in the Notice of Offer.

25. Defendant submitted a Notice of Offer for each dispute with final offers of:

a. $2,894.00 for CPT code 14301; and

b. $36,030.00 for thirty (30) units of CPT code 14302.

26. On May 5, 2025, the certified IDR entity ("CIDRE") issued a written final determination in Plaintiff's favor under IDR reference number DISP-2538334, awarding Plaintiff $38,500.00 for CPT code 14301, amounting to an additional $37,796.48 over Defendant's initial allowed payment amount. *See* **Exhibit A**, attached hereto.

27. Defendant failed to issue the IDR determination payment to Plaintiff even though its deadline to do so was June 4, 2025.

28. As of the date of this Complaint, over 290 days have elapsed since Defendant's deadline to submit the IDR determination payment to Plaintiff.

29. For DISP-2538334, Defendant has failed to pay $37,796.48, which is currently due and owing.

30. Also on May 5, 2025, the CIDRE issued a written final determination in Plaintiff's favor under IDR reference number DISP-2538335, awarding Plaintiff $206,250.00 for thirty (30) units of CPT code 14302, amounting to an additional $200,917.73 over Defendant's initial allowed payment amount. *See* **Exhibit B**, attached hereto.

31. Defendant failed to issue the IDR determination payment to Plaintiff even though its deadline to do so was June 4, 2025.

32. As of the date of this Complaint, over 290 days have elapsed since Defendant's deadline to submit the IDR determination payment to Plaintiff.

33. For DISP-2538335, Defendant has failed to pay $200,917.73, which is currently due and owing.

34. Despite the legal requirement to pay the additional amounts owed within 30 days of the CIDREs' determinations ("Awards") Defendant has failed to do so. As of the filing of this Complaint, the amount awarded, unpaid, and past due by Defendant is $238,714.21.

35. While the NSA is a federal law, federal courts have indicated that the proper recourse against a health plan that fails to pay an NSA IDR award is through state law causes of action. *See Mod. Orthopedics of NJ v. Premera Blue Cross*, Case No. 2:25-cv-01807 (BRM) (JSA), 2025 U.S. Dist. LEXIS 215824 at * 32 (D.N.J. Nov. 3, 2025) (*citing Kennedy v. UnitedHealth Grp. Inc.*, No. 25 CIV. 432, 2025 U.S. Dist. LEXIS 117870, 2025 WL 1725147 at * 8-9 (S.D.N.Y. June 20, 2025) (holding breach of contract and unjust enrichment claims for failure to pay for patient's emergency care were not preempted by the NSA; "the NSA . . . says nothing that would preclude a provider from bringing suit under traditional state law causes of action . . . like unjust enrichment.")

36. Accordingly, Plaintiff seeks herein all unpaid past due amounts as of the date the Court issues judgment, including interest, penalties and collection costs, which are in no event less than $238,714.21.

## COUNT ONE

### BREACH OF EXPRESS CONTRACT (CLICK-WRAP)

37. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 36 of the Complaint as though fully set forth herein.

38. Plaintiff initiated the NSA's IDR process by submitting each Notice of IDR Initiation to the Department of Health and Human Services via the NSA's federal IDR portal. *See* **Exhibit C**, attached hereto.

39. Thereafter, the parties were presented with IDR participation terms, including the federal IDR portal's Terms of Use and the CIDRE's participation agreement, which required the parties' consent to be bound by the CIDREs' final payment determinations and to pay the amounts determined by the CIDREs. Each party was required to accept the NSA's IDR participation terms prior to submitting an IDR offer, uploading documents and proceeding with the IDR.

40. Defendant provided affirmative consent to the IDR's participation terms by checking a box and/or clicking "I agree."

41. The parties' mutual agreement to accept and comply with the CIDREs' determinations is sufficient consideration.

42. The CIDREs issued written final determinations under DISP-2538334 and DISP-2538335, awarding Plaintiff an additional $238,714.21 over Defendant's initial allowed payment amounts for the medical services Plaintiff rendered to Defendant's member.

43. Under the express terms of the click-wrap agreements, Defendant was required to pay the Awards.

44. Defendant failed to pay the Awards.

45. To date, Defendant has not paid the Awards, despite Plaintiff's demand for payment.

46.  The NSA does not preempt a claim for breach of contract. *See Mod. Orthopedics of NJ v. Premera Blue Cross*, Case No. 2:25-cv-01807 (BRM) (JSA), 2025 U.S. Dist. LEXIS 215824 at * 32 (D.N.J. Nov. 3, 2025) (citing *Kennedy v. UnitedHealth Grp. Inc.*, No. 25 CIV. 432, 2025 U.S. Dist. LEXIS 117870, 2025 WL 1725147 at * 8-9 (S.D.N.Y. June 20, 2025) (holding breach of contract and unjust enrichment claims for failure to pay for patient's emergency care were not preempted by the NSA).

47.  The click-wrap agreements constitute valid, express contracts under New Jersey law, supported by mutual consideration, including Plaintiff's opportunity to obtain binding dispute resolution and Defendant's participation in the NSA's IDR process and agreement to be bound by the outcome.

48.  Defendant breached the express click-wrap contracts by failing to pay the amounts determined by the CIDREs.

49.  Defendant's failure to pay the Awards constitutes a material breach of contract.

50.  As a result of Defendant's breach of contract, Plaintiff has suffered damages in the amount of $238,714.21.

## COUNT TWO

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

51.  Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 50 of the Complaint as though fully set forth herein.

52.  The click-wrap agreements constitute valid, express contracts under New Jersey law governing the parties' agreements to participate in the NSA's IDR process and to pay the Awards as determined by the CIDREs.

53. Defendant acted in bad faith by refusing to pay the Awards as determined by the CIDREs despite its agreement to be bound by the CIDREs' final payment determinations.

54. Defendant's conduct was undertaken to avoid its payment obligations and to delay or frustrate Plaintiff's right to receive payment.

55. Defendant's actions deprived Plaintiff of the benefits of its bargain.

56. Plaintiff suffered damages in the unpaid Awards amount as determined by the CIDREs.

## COUNT THREE

### DECLARATORY JUDGMENT

57. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 56 of the Complaint as though fully set forth herein.

58. An actual and present controversy exists between Plaintiff and Defendant concerning Defendant's obligation to pay the Awards as determined by the CIDREs.

59. By refusing to pay the Awards despite repeated demands, Defendant seemingly contends that it is not required to do so, or that payment may be delayed or avoided, notwithstanding the CIDREs' final determinations.

60. Defendant is obligated to pay the amounts determined by the CIDREs and there is no appeal, complaint or administrative process that stays Defendant's payment obligations.

61. A declaratory judgment would resolve the parties' disputes and clarify their respective rights and obligations.

62. Plaintiff seeks a declaration that Defendant is obligated to pay the Awards as determined by the CIDREs in full and without delay.

## COUNT FOUR

### ACCOUNT STATED

63. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 62 of the Complaint as though fully set forth herein.

64. Plaintiff rendered medical treatment to Defendant's member for which Defendant was financially responsible.

65. Plaintiff submitted a HCFA to Defendant reflecting amounts due for the medical treatment it rendered to Defendant's member.

66. After the parties failed to resolve the payment disputes at the close of the open negotiation period, Plaintiff initiated the NSA's IDR process.

67. On May 5, 2025, the CIDREs issued written final determinations establishing the amounts Defendant owed to Plaintiff for the medical services Plaintiff rendered to Defendant's member.

68. Defendant received the CIDREs' written final determinations and did not move to vacate the Awards, as provided for under the under the parameters described in paragraphs (1) through (4) of section 10(a) of title 9. *See* 42 U.S.C. § 300gg-111(c)(5)(E)(i)(II).

69. Defendant's failure to seek recourse under 9 U.S.C. § 10(a) constitutes an implied agreement that the CIDRE's final determinations are correct.

70. Defendant has failed to pay the Awards as determined by the CIDREs.

## COUNT FIVE

### QUANTUM MERUIT (*Pled in the Alternative*)

71. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 70 of the Complaint as though fully set forth herein.

72.     Plaintiff conferred valuable benefits upon Defendant by providing good faith medical services to Defendant's member at Plaintiff's expense, with the reasonable expectation of payment.

73.     Defendant accepted and retained the benefits from the medical services Plaintiff provided as its member received medical services under the health plan Defendant administers.

74.     Defendant had a reasonable expectation that Plaintiff expected payment for the medical services provided to Defendant's member as it received a HCFA from Plaintiff that set forth the amounts billed for the medical services provided. Defendant appreciates, realizes and knows that Plaintiff expected payment for the medical services provided to its member because it issued an Explanation of Benefits ("EOB") and allowed initial payment amounts.

75.     The final determinations made by the CIDREs reflect objective, federally regulated assessments of the reasonable value for the medical services Plaintiff rendered to Defendant's member.

76.     Defendant has failed to pay the Awards as determined by the CIDREs, or any amount approximating the reasonable value for the medical services Plaintiff rendered to Defendant's member.

77.     It would be unjust and inequitable for Defendant to retain the benefits of Plaintiff's medical services without paying the reasonable value as determined by the CIDREs.

78.     Plaintiff is therefore entitled to recover under the doctrine of quantum meruit the reasonable value of the services rendered as determined by the CIDREs.

79.     This quantum meruit claim is pled in the alternative to Plaintiff's breach of contract claim. Plaintiff only brings this claim to the extent the Court finds that no enforceable express

contracts govern Defendant's obligation to pay or that the express contracts are unenforceable, void, or otherwise inapplicable.

## COUNT SIX

### PROMISSORY ESTOPPEL (*Pled in the Alternative*)

80. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 79 of the Complaint as though fully set forth herein.

81. Defendant promised, through its participation in the NSA's IDR process, to be bound by the CIDREs' final determinations and to pay the Awards as determined by the CIDREs.

82. Specifically, Defendant furnished an EOB to Plaintiff communicating that the claims in question are subject to the rules and procedures of the NSA. *See* **Exhibit D**, attached hereto.

83. Defendant reasonably expected Plaintiff to rely on that promise as the EOB conveys to Plaintiff that it can seek additional reimbursement via the NSA.

84. Plaintiff relied on Defendant's promise by participating in the NSA's IDR process and foregoing other remedies to recover payment for the medical services Plaintiff rendered to Defendant's member.

85. Defendant failed to honor its promise by refusing to pay the Awards as determined by the CIDREs.

86. Plaintiff suffered damages as a result of Defendant's failure to honor its promise to pay the Awards as determined by the CIDREs.

87. Injustice can be avoided only by enforcing Defendant's promise to be bound by the CIDREs' final determinations and to pay the amounts determined by the CIDREs.

88.     This promissory estoppel claim is pled in the alternative to Plaintiff's breach of contract claim. Plaintiff only brings this claim to the extent the Court finds that no enforceable express contracts govern Defendant's obligation to pay or that the express contracts are unenforceable, void, or otherwise inapplicable.

## COUNT SEVEN

### UNJUST ENRICHMENT (*Pled in the Alternative*)

89.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 88 of the Complaint as though fully set forth herein.

90.     Defendant received the benefits of the underlying medical services Plaintiff rendered to Defendant's member. These medical services were provided at Plaintiff's expense and under circumstances that would make it unjust for Defendant to retain the benefits without commensurate compensation.

91.     Defendant had reasonable notice that Plaintiff expected payment for the benefits conferred as it received a HCFA from Plaintiff that set forth the amounts billed for the medical services Plaintiff rendered to Defendant's member. Defendant appreciates, realizes and knows that the benefits were conferred because it issued an EOB and allowed initial payment amounts. Thus, there was a direct connection between Plaintiff's impoverishment and Defendant's enrichment.

92.     The disputes over the value of the benefits received were resolved in accordance with the NSA's IDR process, which requires the non-prevailing party to issue payment within 30 days of the determination made by the CIDRE.

93.     The NSA does not preempt a claim for unjust enrichment. *See Mod. Orthopedics of NJ v. Premera Blue Cross*, Case No. 2:25-cv-01807 (BRM) (JSA), 2025 U.S. Dist. LEXIS 215824 at * 32 (D.N.J. Nov. 3, 2025) (citing *Kennedy v. UnitedHealth Grp. Inc.*, No. 25 CIV. 432, 2025

U.S. Dist. LEXIS 117870, 2025 WL 1725147 at * 8-9 (S.D.N.Y. June 20, 2025) (holding breach of contract and unjust enrichment claims for failure to pay for patient's emergency care were not preempted by the NSA)). Indeed, at least one federal court has indicated that the proper remedy for a medical provider to recover unpaid IDR awards issued against an insurance carrier is in fact unjust enrichment. *See Modern Orthopaedics*, 2025 U.S. Dist. LEXIS 215824, at * 31-32 ("the NSA ... says nothing that would preclude a provider from bringing suit under traditional state law causes of action ... like unjust enrichment.").

94. Defendant improperly retained the benefits under the plan without payment to Plaintiff.

95. Defendant has continued to improperly retain the required payment for the services Plaintiff rendered to Defendant's member beyond the 30-day deadline, which allowed it to become further unjustly enriched by receiving interest and/or investment income because of the unlawful retention of the funds, which were unquestionably owed to Plaintiff.

96. It is against equity and good conscience to deprive Plaintiff of the funds Defendant owes, as determined by a CIDREs in accordance with federal law.

97. Plaintiff hereby seeks payment of the Awards as determined by the CIDREs as well as all benefits obtained by Defendant because Defendant did not timely pay the amounts owed, including without limitation the interest or investment income generated by such funds.

98. This unjust enrichment claim is pled in the alternative to Plaintiff's breach of contract claim. Plaintiff only brings this claim to the extent the Court finds that no enforceable express contracts govern Defendant's obligation to pay or that the express contracts are unenforceable, void, or otherwise inapplicable.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.   Judgment in the amount of $238,714.21;

b.   Declaratory relief as requested;

c.   Pre- and post-judgment interest;

d.   Costs of suit; and

e.   Such other relief as the Court deems just and equitable.

GOTTLIEB & GREENSPAN, LLC
*Attorneys for Plaintiff*

*/s/ Ronald J. Herman*
Ronald J. Herman, Esq.

Dated: March 31, 2026

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Ronald J. Herman, Esq. is hereby designated as trial counsel in the above-captioned litigation on behalf of the law firm of Gottlieb & Greenspan, LLC.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## CERTIFICATION PURSUANT TO RULE 1:38-7(b)

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future.

## CERTIFICATION PURSUANT TO RULE 4:5-1

The matter in controversy is not the subject of any other action pending in any other Court. There are no pending arbitration proceedings. No other action or arbitration proceedings are contemplated. No non-party is known who would be subject to joinder because of potential liability.

**GOTTLIEB & GREENSPAN, LLC**
*Attorneys for Plaintiff*

*/s/ Ronald J. Herman*
Ronald J. Herman, Esq.

Dated: March 31, 2026

# Exhibit A

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2538334

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2538334** and has determined that Samra Plastic and Reconstructive Surgery is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of **$38,500.00** offered by Samra Plastic and Reconstructive Surgery is the appropriate out-of-network rate for the item or service 14301 on claim number 033823210 under this dispute.

EdiPhy Advisors, L.L.C. based this determination on a review of the following:

Samra Plastic and Reconstructive Surgery submitted an offer of  $38,500.00

Samba Health Benefit Plan submitted an offer of  $2,894.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | X |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

For each of the determination factors for which there is an "x" in the *Initiating Party* and/or *Non-Initiating Party* column of the above chart, this means the party provided supporting

information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the "additional information factor" is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii) additional information was provided but the Arbitrator, in her/his sole discretion, determined such information was not related to the offers OR it was prohibited by the law. You must observe the decision rationale below to know which party provided the evidence that persuaded the IDRE to rule for the Prevailing Party on each factor.

The IDRE considered all the briefs and all permissible arguments and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and all additional information for which evidence was offered or arguments were made, as indicated, were considered and the following circumstances and information were found to weigh in favor of the Prevailing Party and were found to outweigh any information offered by the non-prevailing party. Any factor listed here was given sufficient weight by the arbitrator to influence the outcome of the decision:

(1) Level of Training/Experience of provider or facility (necessary to care)

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide sufficient evidence on one of the other factors then it was not given weight and it will not be listed above in the rationale.

If there are any additional arguments or evidence among the rationale, the Arbitrator did consider them and if any of these arguments were given weight they are discussed here:

The IP argues that the NIP's failure to negotiate during the Open Negotiation supports a finding that the "lack of good faith negotiations to enter into an in-network agreement or previous contracted rates in the last 4 years" applies. This factor does not relate to the Open Negotiation process, however. This factor has to do with failed negotiations to enter into in network agreements, not negotiations for the OON rate to be paid on this particular claim at issue. Furthermore, the IDRE does not think it prudent to give weight to what happened during Open Negotiations because to do so might discourage parties from making settlement offers because they fear generous offers will count against them in the IDR process. This argument was considered as an additional argument but was given very little weight.

Accordingly, the IDRE concludes Prevailing Party's offer represents the best value of the IDR qualified services at issue in this dispute for these line items and that party's offer should be the Out of Network rate paid on the referenced claims.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that Samba Health Benefit Plan is the non-prevailing party in DISP-2538334 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Samra Plastic and Reconstructive Surgery by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-2538334 was Samra Plastic and Reconstructive Surgery. The initiating party's TIN is 204377711. The non-initiating party was Samba Health Benefit Plan. The 90-calendar day cooling off period begins on May 5, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EdiPhy Advisors, L.L.C.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

# Exhibit B

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2538335

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2538335** and has determined that Samra Plastic and Reconstructive Surgery is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of **$206,250.00** offered by Samra Plastic and Reconstructive Surgery is the appropriate out-of-network rate for the item or service 14302 on claim number 033823210 under this dispute.

EdiPhy Advisors, L.L.C. based this determination on a review of the following:

Samra Plastic and Reconstructive Surgery submitted an offer of $206,250.00

Samba Health Benefit Plan submitted an offer of $36,030.00

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | X |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | X |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | X |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | X | X |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 6 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

For each of the determination factors for which there is an "x" in the *Initiating Party* and/or *Non-Initiating Party* column of the above chart, this means the party provided supporting

information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the "additional information factor" is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii) additional information was provided but the Arbitrator, in her/his sole discretion, determined such information was not related to the offers OR it was prohibited by the law. You must observe the decision rationale below to know which party provided the evidence that persuaded the IDRE to rule for the Prevailing Party on each factor.

The IDRE considered all the briefs and all permissible arguments and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and all additional information for which evidence was offered or arguments were made, as indicated, were considered and the following circumstances and information were found to weigh in favor of the Prevailing Party and were found to outweigh any information offered by the non-prevailing party. Any factor listed here was given sufficient weight by the arbitrator to influence the outcome of the decision:

(1) Level of Training/Experience of provider or facility (necessary to care)

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide sufficient evidence on one of the other factors then it was not given weight and it will not be listed above in the rationale.

If there are any additional arguments or evidence among the rationale, the Arbitrator did consider them and if any of these arguments were given weight they are discussed here:

The IP argues that the NIP's failure to negotiate during the Open Negotiation supports a finding that the "lack of good faith negotiations to enter into an in-network agreement or previous contracted rates in the last 4 years" applies. This factor does not relate to the Open Negotiation process, however. This factor has to do with failed negotiations to enter into in network agreements, not negotiations for the OON rate to be paid on this particular claim at issue. Furthermore, the IDRE does not think it prudent to give weight to what happened during Open Negotiations because to do so might discourage parties from making settlement offers because they fear generous offers will count against them in the IDR process. This argument was considered as an additional argument but was given very little weight.

Accordingly, the IDRE concludes Prevailing Party's offer represents the best value of the IDR qualified services at issue in this dispute for these line items and that party's offer should be the Out of Network rate paid on the referenced claims.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

> • **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

> • **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that Samba Health Benefit Plan is the non-prevailing party in DISP-2538335 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Samra Plastic and Reconstructive Surgery by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-2538335 was Samra Plastic and Reconstructive Surgery. The initiating party's TIN is 204377711. The non-initiating party was Samba Health Benefit Plan. The 90-calendar day cooling off period begins on May 5, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EdiPhy Advisors, L.L.C.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

MON-L-000626   03/31/2026 4:44:37 PM   Pg 10 of 19   Trans ID: LCV20268217 87

# Exhibit C



## Notice of IDR Initiation

OMB Control Number: 1210-0169 Expiration Date: 06/30/2025

**Dispute Reference Number: DISP-2538334**

### Qualification Questions

**Was the service in question provided prior to 1/1/2022?**

No

**I'm a(n):**

Health care provider

**Tax ID:**

204377711

**National Provider Identifier (NPI):**

N/A

**Health Plan Type:**

Either partially or fully self-insured private (employment-based) group health plan

**ERISA Plan self insured**

Yes

**When did the open negotiation period start?**

12/23/2024

**Proof of Open Negotiation Documentation:**

Request to Negotiate ███ .msg

NSA DISPUTE LTR.pdf

**Did the health care provider, health care facility, or provider of air ambulance services get consent from the participant, beneficiary, or enrollee to waive surprise billing protections for these items or services?**

No

**What are you disputing today?**

Single dispute

## Health Care Provider, Health Care Facility, or Provider of Air Ambulance Services Information or TPA

**Name:**
Samra Plastic and Reconstructive Surgery

**Hospital, Facility or Group Name:**
JERSEY SHORE MEDICAL CENTER

**Mailing Address:**
733 North Beers Street

| City: | State: | Zip Code: |
|---|---|---|
| Holmdel | NJ | 07733 |

| Email: | Phone: | Fax: |
|---|---|---|
| arbs@gottliebandgreenspan.com | (201) 819-4056 | (201) 465-3033 |

**Primary Point-of-contact**

**Name:**

**Mailing Address:**

| City: | State: | Zip Code: |
|---|---|---|

| Email: | Phone: |
|---|---|

**Secondary point-of-contact**

**Name:**

**Mailing Address:**

| City: | State: | Zip Code: |
|---|---|---|

| Email: | Phone: |
|---|---|

## Group Health Plan / Health Insurance Issuer / FEHB Carrier Information or TPA

**Name:**
Samba Health Benefit Plan

**Mailing Address:**
11301 OLD GEORGETOWN RD

| City: | State: | Zip Code: |
|---|---|---|
| ROCKVILLE | MD | 20852 |

| Email: | Phone: | Fax: |
|---|---|---|
| sambaidr@ermerlaw.com | (800) 638-6589 | |

**Primary Point-of-contact**

**Name:**

**Mailing Address:**

| City: | State: | Zip Code: |
|---|---|---|

| Email: | Phone: |
|---|---|

**Secondary point-of-contact**

**Name:**

**Mailing Address:**

| City: | State: | Zip Code: |
|---|---|---|

| Email: | Phone: |
|---|---|

## Line Item

### Adjacent tissue transfer or rearrangement, any area; defect 30.1 sq cm to 60.0 sq cm

**Claim Number:**

033823210

**Date of the qualified IDR item or service:**

12/18/2023

**Qualifying Payment Amount (QPA):**

$0.00

**Qualifying Payment Amount documentation:**

DISPUTE EOB.pdf

HCFA.pdf

**Cost sharing amount allowed:**

$140.70

**Initial payment amount for the item(s) and/or service(s):**

N/A

**Type of Qualified Item(s) or Service(s):**

Professional service(s)

**Service Code:**

14301

**Place of Service Code:**

22

**Location of Service:**

NJ

**Additional Supporting Documentation:**

**Certified IDR entity legal business name:**

EdiPhy Advisors, L.L.C.

**Third Party Attestation:**

Yes

**Conflict of Interest Attestation**

☑ I, the undersigned initiating party (or representative of the initiating party), attest that to the best of my knowledge the preferred certified IDR entity does not have a disqualifying conflict of interest and that the item(s) and/or service(s) at issue are qualified item(s) and/or service(s) within the scope of the Federal IDR process.

**Signature:**                                              **Date:**

James Greenspan, ESQ                          02/06/2025



## Notice of IDR Initiation

OMB Control Number: 1210-0169 Expiration Date: 06/30/2025

### Dispute Reference Number: DISP-2538335

### Qualification Questions

**Was the service in question provided prior to 1/1/2022?**

No

**I'm a(n):**

Health care provider

**Tax ID:**
204377711

**National Provider Identifier (NPI):**
N/A

**Health Plan Type:**

Either partially or fully self-insured private (employment-based) group health plan

**ERISA Plan self insured**

Yes

**When did the open negotiation period start?**

12/23/2024

**Proof of Open Negotiation Documentation:**

NSA DISPUTE LTR.pdf

Request to Negotiate ▓▓ .msg

**Did the health care provider, health care facility, or provider of air ambulance services get consent from the participant, beneficiary, or enrollee to waive surprise billing protections for these items or services?**

No

**What are you disputing today?**

Single dispute

**Health Care Provider, Health Care Facility, or Provider of Air Ambulance Services Information or TPA**

| | |
|---|---|
| **Name:** | **Hospital, Facility or Group Name:** |
| Samra Plastic and Reconstructive Surgery | JERSEY SHORE MEDICAL CENTER |
| **Mailing Address:** | |
| 733 North Beers Street | |

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| Holmdel | NJ | 07733 |

| **Email:** | **Phone:** | **Fax:** |
|---|---|---|
| arbs@gottliebandgreenspan.com | (201) 819-4056 | (201) 465-3033 |

**Primary Point-of-contact**

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

**Secondary point-of-contact**

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

## Group Health Plan / Health Insurance Issuer / FEHB Carrier Information or TPA

**Name:**
Samba Health Benefit Plan

**Mailing Address:**
11301 OLD GEORGETOWN RD

| **City:** | **State:** | **Zip Code:** |
|---|---|---|
| ROCKVILLE | MD | 20852 |

| **Email:** | **Phone:** | **Fax:** |
|---|---|---|
| sambaidr@ermerlaw.com | (800) 638-6589 | |

**Primary Point-of-contact**

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

**Secondary point-of-contact**

**Name:**

**Mailing Address:**

| **City:** | **State:** | **Zip Code:** |
|---|---|---|

| **Email:** | **Phone:** |
|---|---|

## Line Item

### Adjacent tissue transfer or rearrangement, any area; each additional 30.0 sq cm, or part thereof (L

**Claim Number:**
033823210

**Date of the qualified IDR item or service:**
12/18/2023

**Qualifying Payment Amount (QPA):**
$0.00

**Qualifying Payment Amount documentation:**
HCFA.pdf
DISPUTE EOB.pdf

**Cost sharing amount allowed:**
$476.17

**Initial payment amount for the item(s) and/or service(s):**
N/A

**Type of Qualified item(s) or Service(s):**
Professional service(s)

**Service Code:**
14302

**Place of Service Code:**
22

**Location of Service:**
NJ

**Additional Supporting Documentation:**

**Certified IDR entity legal business name:**
EdiPhy Advisors, L.L.C.

**Third Party Attestation:**
Yes

**Conflict of Interest Attestation**

☑ I, the undersigned initiating party (or representative of the initiating party), attest that to the best of my knowledge the preferred certified IDR entity does not have a disqualifying conflict of interest and that the item(s) and/or service(s) at issue are qualified item(s) and/or service(s) within the scope of the Federal IDR process.

**Signature:**
James Greenspan, ESQ

**Date:**
02/06/2025

# Exhibit D



Health Benefit Plan
11301 Old Georgetown Rd
Rockville MD 20852- 2800

## EXPLANATION OF BENEFITS



**Electronic Service Requested**

3985 0-5738 AB 0-544

SAMRA PLASTIC AND RECONSTRUCTI   46
733 N BEERS ST

HOLMDEL, NJ 07733-1528

**Questions?**
Contact SAMBA's customer service at
(800) 638-6589 or (301) 984-1440
Visit www.SambaPlans.com
to send us a secure email
or write to the address shown above

Claim #:  033823210
Date Processed: 01/19/24

**Provider Name:**
SAMRA PLASTIC AND RECONSTRUCTI

| Date(s) of Service | Description | Submitted Charges | Disallowed Amount | Expl. Codes | Allowed Amount | Coins/ Copay | Applied to Deductible | SAMBA Paid |
|---|---|---|---|---|---|---|---|---|
| 12/18-12/18/23 | TIS TRNFR ANY 30.1-60 S | 38,500.00 | 37,796.48 | 8551 | 703.52 | 140.70 | 0.00 | 562.82 |
| 12/18-12/18/23 | TIS TRNFR ADDL 30 SQ C | 206,250.00 | 00,917.73 | 8551 | 5,332.27 | 476.17 | 0.00 | 4,856.10 |
| 12/18-12/18/23 | NEG PRS WND THR NDM | 5,000.00 | 0.00 | 8551 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Claim Totals** | | 249,750.00 | 38,714.21 | | 6,035.79 | 616.87 | 0.00 | 5,418.92 |

| | |
|---|---|
| Paid by Other Insurance | 0.00 |
| Adjustments | 0.00 |
| SAMBA Paid | 5,418.92 |

**Calendar Year Deductible (Including This Statement)**
The above patient has met $350.00 of the
$350.00 PPO Calendar Year Deductible

**Payment Issued To:**
SAMRA PLASTIC AND RECONSTRUCTI

**Patient Responsibility**
$5,616.87

**Expl.**
**Code   Explanation**

8551    Processed under NSA, Patient is not responsible. Provider may open IDR process @ www.estprs.com.

8232    This service is not covered under the plan.

| Totals for Check | | Submitted Charges | Disallowed Amount | Allowed Amount | Coinsurance Copay | Applied to Deductible | SAMBA Paid |
|---|---|---|---|---|---|---|---|
| | | $249,750.00 | $238,714.21 | $6,035.79 | $616.87 | $0.00 | $5,418.92 |

Visit www.SambaPlans.com and select Provider Services to request:

- EFT Payments and Electronic Remittance Advice (ERA) 835
- Eligibility and Benefit Inquiry and Response 270/271
- Claim Status Inquiry and Response 276/277

7/1/2024, 5:24 PM

# Civil Case Information Statement

## Case Details: MONMOUTH | Civil Part Docket# L-001266-26

**Case Caption:** SAMRA PLASTIC AND RE CONSTRUCT
VS SAMBA HEALTH B

**Case Initiation Date:** 03/31/2026

**Attorney Name:** RONALD J HERMAN

**Firm Name:** GOTTLIEB AND GREENSPAN LLC

**Address:** 17-17 ROUTE 208 SUITE 250
FAIR LAWN NJ 07410

**Phone:** 2016440894

**Name of Party:** PLAINTIFF : SAMRA PLASTIC AND
RECONSTRUCTI

**Name of Defendant's Primary Insurance Company
(if known):** Unknown

**Case Type:** OTHER INSURANCE CLAIM (INCLUDING
DECLARATORY JUDGMENT ACTIONS)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by:** SAMRA PLASTIC AND
RECONSTRUCTI? NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/31/2026
Dated

/s/ RONALD J HERMAN
Signed

# Exhibit 1.4

# Affidavit of Service



**Plaintiff**
SAMRA PLASTIC AND RECONSTRUCTIVE SURGERY

vs

**Defendant**
SAMBA HEALTH BENEFIT PLAN

Person to be served: SAMBA HEALTH BENEFIT PLAN

**Address:**
11301 OLD GEORGETOWN
ROAD
ROCKVILLE MD 20852

**Attorney:**
GOTTLIEB & GREENSPAN
17-17 ROUTE 208 SUITE 250
FAIR LAWN NJ 07410

Papers Served:
SUMMONS, COMPLAINT & CASE INFORMATION STATEMENT EXHIBITS

SUPERIOR COURT OF NEW
JERSEY
LAW DIVISION:
MONMOUTH COUNTY

DOCKET NO. MON-L-001266-26

**AFFIDAVIT OF SERVICE**
(for use by Private Service)

Cost of Service pursuant to R4:4-30

$ _____

**Service Data:**

Served Successfully __X__    Not Served _____    Date: __4/8/2026__    Time: __2:02 pm__    Attempts: __1__

_____ Delivered a copy to him/her personally

_____ Left a copy with a competent household
member over 14 years of age residing therein at place of abode.

__X__ Left a copy with a person authorized to accept
service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship/title

_Kelly Baker_

_Managing Agent_

**Description of Person Accepting Service:**

Age: 50    Height: 5'7"    Weight: 170    Hair: Blond    Sex: Female    Race: Caucasian

**Non-Served:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: _____ Date _____ Time
_____ Date _____ Time
_____ Date _____ Time
( ) Other: _____    Comments or Remarks _____

Subscribed and Sworn to me this
__14th__ day of __April, 2026__

_Angela H. Croson_
Notary Signature

I, Jason Parker , was at
time of service a competent adult not having a direct
interest in the litigation. I declare under penalty
of perjury that the foregoing is true and correct.

_(signature)_    __4/14/26__
Signature of Process Server    Date

ANGELA H CROSON
NOTARY PUBLIC
EXPIRES:
02-05-2029
PRINCE GEORGE'S COUNTY MD

DGR LEGAL, INC.
1359 Littleton Road, Morris Plains, NJ 07950-3000
(973) 403-1700 Fax (973) 403-9222

Work Order No.   836875

File No.   MON-L-001266-26